**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| MCU CLOCKING SOLUTIONS, INC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No.: |
| | ) |
| MICROCHIP TECHNOLOGY, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendant. | ) |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, MCU Clocking Solutions, Inc. ("MCU"), by and through its attorneys, files this Complaint for Patent Infringement against Defendant, Microchip Technology, Inc. ("Microchip"), and avers as follows:

**PARTIES**

1.　MCU is a corporation formed and existing under the laws of Delaware, having its registered office at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.

2.　Microchip is a corporation incorporated under the laws of Delaware, having its principal place of business at 2355 West Chandler Blvd., Chandler, AZ 85224-6199. Microchip's registered agent for service of process in the State of Delaware is The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.　Upon information and belief, Microchip is and has been engaged in the business of manufacturing, using, marketing, offering for sale, and/or selling in the United States, and/or importing into the United States, microcontrollers with integrated circuitry for selecting clock source signals from multiple clock sources.

## JURISDICTION AND VENUE

4. This action arises under the patent laws of the United States, 35 U.S.C. §§ 1 et seq. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and § 1338(a).

5. This Court has personal jurisdiction over Defendant in this district, in that Defendant, directly or through their agents, are residents of, and/or have regularly conducted business activities in this district; have committed infringing activities in this district by manufacturing, using, marketing, offering for sale, selling and/or importing products and systems that infringe patents owned by MCU; and/or have placed infringing products and systems in the stream of commerce with the knowledge and intent that they would be used, offered for sale and/or sold by others in this district.

6. Venue is proper pursuant to 28 U.S.C. §§ 1391(b) and 1400(b).

## GENERAL ALLEGATIONS

7. On September 18, 2001, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 6,292,045, entitled "CIRCUIT AND METHOD FOR DETECTING AND SELECTING CLOCK SOURCES" ("the '045 Patent"), naming Robert A. Bongiorno, Kenneth Low and Shiyan Pei as inventors, and Zilog, Inc. as assignee. A true and correct copy of the '045 Patent is attached as Exhibit "A" hereto.

8. MCU is the owner, through assignment, of the entire right, title and interest in the '045 Patent, with all rights to enforce the '045 Patent, including the right to prosecute this action against infringers and to collect damages for all relevant times.

9. The '045 Patent relates to circuitry for selecting clock source signals from multiple clock sources for devices that require clock source signals to operate.

10. The '045 Patent as issued by the USPTO is valid and enforceable.

11. On November 13, 2007, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 7,296,170, entitled "CLOCK CONTROLLER WITH CLOCK SOURCE FAIL-SAFE LOGIC" ("the '170 Patent"), naming Melanie Ann Richmond and Robert Walter Metzler, Jr. as inventors, and Zilog, Inc. as assignee. A true and correct copy of the '170 Patent is attached as Exhibit "B" hereto.

12. MCU is the owner, through assignment, of the entire right, title and interest in the '170 Patent, with all rights to enforce the '170 Patent, including the right to prosecute this action against infringers and to collect damages for all relevant times.

13. The '170 Patent relates to circuitry for selecting clock source signals from multiple clock sources for devices that require clock source signals to operate.

14. The '170 Patent as issued by the USPTO is valid and enforceable.

15. Microchip has engaged and continues to engage in acts of infringement under 35 U.S.C. § 271, inter alia, by manufacturing, using, offering for sale and/or selling in the United States, microcontrollers that embody each and every element of at least one claim of the '045 Patent, including, without limitation, Independent Claims 17 and 18, either literally or by equivalence.

16. Microchip has further engaged and continues to engage in acts of infringement under 35 U.S.C. § 271, inter alia, by manufacturing, using, offering for sale and/or selling in the United States, microcontrollers that embody each and every element of at least one claim of the '170 Patent, including, without limitation, Independent Claim 1, either literally or by equivalence.

17. By way of example only, some of the infringing products that Microchip has specifically manufactured, used, offered for sale and/or sold in the United States, and/or imported into the United States for sale, and continues to manufacture, use, offer for sale and/or sell in the United States, and/or import into the United States for sale, are its PIC family of Microcontrollers (8, 16 and 32 bit).

18. Microchip does not have a license or other authorization to practice the claims set forth in either the '045 Patent or the '170 Patent.

## CLAIM FOR PATENT INFRINGEMENT

19. MCU incorporates by reference and in their entirety the averments set forth is paragraphs 1 through 18, inclusive, of this Complaint.

20. Microchip has manufactured, used, offered for sale, sold and/or imported into the United States for sale, and continues to manufacture, use, offer for sale, sell and/or import into the United States for sale, microcontrollers that infringe at least Independent Claims 17 and 18 of the '045 Patent, and at least Independent Claim 1 of the '170 Patent.

21. Microchip has caused and will continue to cause MCU substantial damage by virtue of its infringing activities.

22. MCU is entitled to recover from Microchip the damages it has sustained as a result of Microchip's infringing activities.

23. MCU hereby demands a trial by jury of all issues triable of right before a jury.

## PRAYER FOR RELIEF

WHEREFORE, MCU respectfully requests the following relief:

    a) That this Court enter judgment in favor of MCU and against Microchip that Microchip has infringed the '045 Patent;


      b)      That this Court enter judgment in favor of MCU and against Microchip that Microchip has infringed the '170 Patent;

      c)      That this Court award MCU all damages adequate to compensate MCU for the harm it has suffered as a result of Microchip's infringement of the '045 Patent and the '170 Patent, together with pre- and post-judgment interest and costs as fixed by the Court, all pursuant to 35 U.S.C. § 284;

      d)      In the event that evidence is adduced through discovery or at trial that Microchip's infringement was willful and deliberate, that this Court award MCU enhanced damages pursuant to 35 U.S.C. § 284;

      e)      In the event that circumstances warrant a declaration that this case be declared to be exceptional, that this Court award MCU its reasonable attorneys' fees pursuant to 35 U.S.C. § 285; and

      f)      That this Court award to MCU such other and further relief as this Court deems to be just and proper.

Dated: August 6, 2014

OF COUNSEL:

Edward C. Flynn
Vasilios E. Sanios
COHEN & GRACE, LLC
105 Braunlich Drive, Suite 300
Pittsburgh, PA 15237
Telephone: (412) 847-0300
Facsimile: (412) 847-0304
eflynn@cohengrace.com
vsanios@cohengrace.com

Respectfully submitted,

FARNAN LLP

/s/ Brian E. Farnan
Brian E. Farnan (Bar. No. 4089)
919 N. Market Street, 12th Floor
Wilmington, DE 19801
Telephone: (302) 777-0300
Facsimile: (302) 777-0301
bfarnan@farnanlaw.com

*Attorneys for Plaintiff*